UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Michael J. Raffe,

                                        Plaintiff,

        -v.-                                        5:08-cv-00211

American National Red Cross, American
National Red Cross of Tompkins County,
and Jennifer Yarbrough,

                                        Defendants.

APPEARANCES

WIGGINS & KOPKO, LLP          EDWARD E. KOPKO, ESQ.
*Attorneys for Plaintiff*
308 North Tioga Street
Ithaca, NY 14850

EPSTEIN BECKER & GREEN, P.C.   LAURI FAITH RASNICK, ESQ.
*Attorneys for Defendants*      MARGARET C. THERING, ESQ.
250 Park Avenue
New York, NY 10177

Neal P. McCurn, Senior District Judge

### ***Summary Order***

        Currently before the court is defendants' unopposed[1] motion to alter or

amend this court's November 30, 2011 memorandum, decision and order

---

        [1]        Plaintiff has submitted a Status Report indicating that he is not opposing
        defendants' motion.  See Dkt. No. 84.

("MDO") granting in part and denying in part defendants' motion for summary judgment against plaintiff, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Dkt. No. 80. In the interest of justice, defendants' motion is granted, and summary judgment is awarded to defendants against plaintiff, dismissing this action in its entirety.

Familiarity with this court's very recent MDO granting in part and denying in part defendants' motion for summary judgment is presumed and will not be discussed in detail here, except as is relevant to the pending motion. See Dkt. No. 76. Pursuant to the MDO, summary judgment was denied solely as to plaintiff's claims under New York Labor Law sections 191 and 195. Defendants now submit what they refer to as "new undisputed documentary evidence" which, they argue, establishes that they are entitled to summary judgment on plaintiff's sections 191 and 195(6) claims, and accordingly seek that relief by their present Rule 59(e) motion.

To be sure, Rule 59(e) only provides for review of final judgments, not, as here, an interlocutory order. See Fed. R. Civ. P. 59(e). Nonetheless, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment ...." J.C. Penney Corp., Inc. v. Carousel Center Co., L.P., No. 5:02-cv-1360, 2009 WL 3246794, at*3 (N.D.N.Y. Oct. 6, 2009) (quoting United States v. LoRusso, 695 F.2d 45, 53 (2d Cir.1982)).

Courts may grant a motion to alter or amend a judgment under Rule 59(e) where (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. See Weiss v. City of New York, No. 96-cv-8281, 2003 WL 21414309, at *1 (citing Virgin Atlantic Airways v.

Nat's Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  "The standard for granting a Rule 59(e) motion is strict and reconsideration is generally denied as a Rule 59(e) motion is not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued."  Id. (citation and quotation omitted).  Where the basis for a Rule 59(e) motion is, as here, newly discovered evidence, the movant bears the burden to establish that

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

Becnel v. Deutsche Bank AG, No. 11-cv-1615, 2011 WL 6599229, *2 (S.D.N.Y. Dec. 21, 2011) (quoting United States v. International Broth. of Teamsters, 247 F.3d 370, 392 (2d Cir.2001)).  Finally, it is important to note that relief under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Stewart Park and Reserve Coalition Inc. (SPARC) v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003)).

       In support of their Rule 59(e) motion, defendants have produced evidence relevant to their summary judgment motion on plaintiff's claims pursuant to sections 191 and 195(6) of New York's Labor Law.  Briefly, section 191 provides in pertinent part that "[a] clerical and other worker shall be paid [by his employer] the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the

employer." N.Y. LAB. LAW § 191(1)(d).  The statute further provides, "[i]f employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section.  If requested by the employee, such wages shall be paid by mail."  Id. § 191(3).  The court denied summary judgment because it was faced with competing affidavits from plaintiff and defendants, which created a question of fact regarding whether defendants complied with section 191 by providing plaintiff all compensation to which he was entitled.  The court also noted that this question could have been resolved by documentary evidence of plaintiff's compensation record.

Section 195 provides, in pertinent part:

> Every employer shall . . . notify any employee terminated from employment, in writing, of the exact date of such termination as well as the exact date of cancellation of employee benefits connected with such termination.  In no case shall notice of such termination be provided more than five working days after the date of such termination.

N.Y. LAB. LAW § 195(6).  In support of their motion for summary judgment, defendants produced only plaintiff's termination letter, which stated that the termination was effective January 28, 2008.  Plaintiff admits to receiving this letter and that he was terminated on January 28, 2008.  Thus, defendants successfully established that, in accordance with section 195(6), plaintiff received written notification of his termination within five business days of the termination.  Referenced in the termination letter is a severance agreement, which was never produced, and therefore, a question of fact was created as to whether plaintiff was given notice of the "exact date of cancellation of employee benefits" as required

by section 195(6).  Accordingly, defendants' motion for summary judgment as to plaintiffs' claims arising under New York Labor Law sections 191 and 195(6) was denied.

Defendants have now produced plaintiff's earnings record and benefits termination notice.  <u>See</u> Exs. A & B to Aff. of Rachel Herceg, Dec. 14, 2011, Dkt. No. 80.  The earnings record reflects that plaintiff, whose last day of active employment was January 17, 2008, was paid his regular biweekly salary through the pay period ending January 18, 2008.  Additionally, plaintiff was paid for his accrued but unused vacation pay on February 1, 2008.  Thus, the new evidence indisputably shows that plaintiff received all the pay to which he was due upon his termination in compliance with section 191.  The benefits termination notice that accompanied the letter of termination, which plaintiff admits to receiving, reflects that plaintiff's benefits were to be terminated on January 31, 2008.  Thus, the new evidence also indisputably shows that defendants were in full compliance with section 195.

To be sure, under the strict standards that a court must apply when given newly submitted evidence in support of a Rule 59(e) motion, this court should not consider defendants' newly submitted evidence at all.  Defendants have not proffered any reason whatsoever for their failure to timely submit the earnings record or the benefits termination letter in support of their motion for summary judgment.  That defendants could not have discovered the earnings record or the benefit termination notice with due diligence is highly questionable.

Nonetheless, despite defendants' failure to meet their burden of showing that the newly submitted evidence could not have been discovered with due diligence, in the interests of finality and conservation of scarce judicial resources,

5

defendants' motion to alter or amend this court's November 30, 2011 memorandum, decision and order is granted.  The evidence clearly establishes that defendants were in full compliance with Labor Law sections 191 and 195 and therefore no question of fact remains for a jury to decide regarding those claims.  Consequently, a trial on those claims would be futile and a waste of judicial resources.  Moreover, plaintiff has not opposed defendants' motion.

Therefore, in accordance with the foregoing, it is ORDERED that the motion by defendants to alter or amend the November 30, 2011 memorandum, decision and order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is GRANTED, and it is further

ORDERED that the November 30, 2011 memorandum, decision and order is amended to reflect that defendants' motion for summary judgment regarding plaintiff's claims against them pursuant to New York Labor Law sections 191 and 195 is granted, disposing of this action in its entirety.

The Clerk of the Court is directed to enter judgment in favor of defendants and close this case accordingly.


IT IS SO ORDERED.


DATED:      January 17, 2012
            Syracuse, New York


_____
Neal P. McCurn
Senior  U.S. District Judge

6